UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

RACHAEL KENNEDY

No. 1:26-cr-00023

**PROSECUTION VERSION OF THE OFFENSE**

With respect to Count One (Conspiracy to Commit Bank Fraud), beginning at an unknown time, but no later than on about October 21, 2025, and continuing through about October 24, 2025, in the District of Maine and elsewhere, the Defendant, Rachael Kennedy, knowingly conspired with Rashidah Henry, A/K/A Rashida, and with others, known and unknown, to commit bank fraud, that is, to knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, namely, the subject financial institutions, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of the subject financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. §§ 1344 and 1349. The object of the conspiracy was to commit bank fraud by using personal identifying information of legitimate customers to get access to and withdraw funds under the control of the subject financial institutions from customer accounts. The purpose of the conspiracy was to enrich the Defendant and coconspirators.

With respect to Counts Two through Nine (Bank Fraud), between about October 21 and October 24, 2025, in the District of Maine, the Defendant knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial

institution and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

With respect to Counts Ten through Seventeen (False Use of a Passport), between about October 21 and October 24, 2025, in the District of Maine, the Defendant willfully and knowingly used and attempted to use a false, forged, counterfeited, and altered passport and instrument purporting to be a passport, in violation of 18 U.S.C. § 1543.

With respect to Counts Eighteen through Twenty-Five (Aggravated Identity Theft), between about October 21 and October 24, 2025, in the District of Maine, the Defendant, knowingly possessed and used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), specifically, bank fraud in violation of 18 U.S.C. § 1344, all in violation of 18 U.S.C. § 1028A(a)(1) and 1028A(b).

In this regard, as an overview, the evidence would show that on October 21, 2025, the Defendant went into four financial institutions in Penobscot County and impersonated legitimate customers, presenting fictitious U.S. passport cards with her image on them but in the names of legitimate customers, in an attempt to fraudulently obtain funds from the victims' respective accounts. Three days later, on October 24, the Defendant went into four financial institutions in Aroostook County using other victims' identities for the same purpose. The Government would call witnesses from Bank A, who would testify that on October 24, the Defendant entered a Bank A branch in Houlton, Maine. Bank staff called the police because they recognized the Defendant from a prior incident at a different branch. When the police arrived, the Defendant left

the bank and got into a vehicle as a passenger. Henry, the driver, ultimately lead the police on a high-speed chase on I-95 North and entered Canada. The Defendant was subsequently located, detained, and returned to the United States. Two phones were seized from the Defendant, and one phone was seized from Henry. The Defendant made admissions to Canadian law enforcement and immigration officials, stating that she was sent out to commit "scams" and she was given an "id" and went into a bank with it. Investigators seized $5,516.26 in U.S. Currency from Kennedy on October 24.

Specifically, with respect to counts two, ten, and eighteen, the Government would introduce in evidence video surveillance, witness testimony, and financial records showing that on October 21, 2025, the Defendant entered a Bank A branch in Bangor, Maine, and impersonated Victim 1 by presenting to the teller a fictitious U.S. passport card ("USPC") in Victim 1's name and DOB, but with the Defendant's image on it, and the last four digits of Victim 1's SSN. The Defendant asked for and obtained $8,900 in cash from Bank A from Victim 1's home equity line of credit ("HELOC") account without Victim 1's permission or authorization.

With regard to counts three, eleven, and nineteen, the Government would introduce in evidence video surveillance, witness testimony, and financial records showing that on October 21, 2025, the Defendant entered a different Bank A branch in Bangor, Maine, and impersonated Victim 2 by presenting to the teller a fictitious USPC with Victim 2's name and DOB on it but with the Defendant's image on it. The Defendant used Victim 2's name and DOB inside the bank and asked for an advance of $8,000 in cash from Bank A from Victim 2's "HELOC" account without Victim 2's permission or authorization.

For counts four, twelve, and twenty, the Government would offer in evidence video surveillance, witness testimony, and financial records showing that on October 21, 2025, the Defendant entered a Bank A branch in Hampden, Maine, and impersonated Victim 3 by presenting to the teller a fictitious USPC with Victim 3's name and DOB on it but with the Defendant's image on it. The Defendant also provided the last four digits of Victim 3's SSN and asked for an advance of $8,000 in cash from Bank A from Victim 3's "HELOC" account without Victim 3's permission or authorization. On October 21, investigators seized a fictitious passport card in Victim 3's name, with the Defendant's image on it, that was found outside a hardware store in Hampden, Maine.

Next, in terms of counts five, thirteen, and twenty-one, the Government would introduce in evidence video surveillance, witness testimony, and financial records showing that on October 21, 2025, the Defendant entered a Credit Union B branch in Bangor, Maine, and impersonated Victim 4 by presenting a fictitious USPC in Victim 4's name and DOB, but with the Defendant's image on it. The Defendant asked for and obtained $5,800 in cash from Credit Union B from Victim 4's HELOC account without Victim 4's permission or authorization.

Also, with respect to counts six, fourteen, and twenty-two, the Government would offer in evidence video surveillance, witness testimony, and financial records showing that on October 24, 2025, the Defendant entered a Bank A branch in Mars Hill, Maine, and impersonated Victim 5 by presenting a fictitious USPC with Victim 5's name and DOB on it but with the Defendant's image on it. The Defendant also provided the last four digits of Victim 5's SSN and asked for an advance of $8,900 in cash from Bank A from Victim 5's "HELOC" account without Victim 5's permission or authorization.

Investigators seized a fictitious U.S. passport card in Victim 5's name and DOB but with the Defendant's image on it, as well as several other fictitious U.S. passport cards with the Defendant's image on them but with other individuals' names and DOBs.

For counts seven, fifteen, and twenty-three, the Government would offer video surveillance, witness testimony, and financial records showing that on October 24, 2025, the Defendant entered a Credit Union C branch in Presque Isle, Maine, and impersonated Victim 6 by presenting a fictitious USPC in Victim 6's name and DOB, but with the Defendant's image on it. The Defendant also provided the last four digits of Victim 6's SSN to the teller and asked for and obtained $8,900 in cash from Credit Union C from Victim 6's HELOC account without Victim 6's permission or authorization. During the investigation, investigators seized a fictitious U.S. passport card in Victim 6's name and DOB but with the Defendant's image on it.

In terms of counts eight, sixteen, and twenty-four, the Government would introduce video surveillance, witness testimony, and financial records showing that on October 24, 2025, the Defendant entered a Credit Union D branch in Presque Isle, Maine, and impersonated Victim 7 by presenting a fictitious USPC in Victim 7's name and DOB, but with the Defendant's image on it. The Defendant asked for and obtained $6,800 in cash from Credit Union D from Victim 7's HELOC account without Victim 7's permission or authorization. Investigators seized a fictitious U.S. passport card in Victim 7's name and DOB but with the Defendant's image on it.

With respect to counts nine, seventeen, and twenty-five, the Government would offer in evidence video surveillance, witness testimony, and financial records showing that on October 24, 2025, the Defendant entered a Bank A branch in Houlton, Maine,

and impersonated Victim 8 by presenting a fictitious USPC in Victim 8's name and DOB, but with the Defendant's image on it. The Defendant also provided the last four digits of Victim 8's SSN to the teller and asked for $8,700 in cash from Bank A from Victim 8's HELOC account without Victim 8's permission or authorization. Investigators seized a fictitious U.S. passport card in Victim 8's name and DOB but with the Defendant's image on it.

Further, the Government would have offered the results of a search warrant executed on the Defendant's phones and Henry's phone. The phone evidence would show that on October 22 and October 23, 2025, the Defendant and Henry communicated by text about plans to travel to banks together, including plans for Defendant Henry to drive Defendant Kennedy to banks. For example, on October 22, the Defendant texted Henry that she is making "crazy bag wit[h] new dude" and sent Henry images of U.S. currency. Henry messaged that she wanted to go with the Defendant, and the Defendant wrote: "U drive I go in the bank."

The evidence would show that on October 24, 2025, the Defendant had in her possession two false and fictitious identification documents, including a military identification card and an instrument purporting to be a U.S. passport card, in the name of a real person, but bearing Defendant Kennedy's image on them. The evidence would show that on October 24, the Defendant and Henry traveled to financial institutions to access financial accounts and obtain funds from customer accounts or lines of credit without permission or lawful authority of the actual account holders. Through this scheme, the Defendant obtained a total of $30,400.

Had this case proceeded to trial, the Government would have proven the above

facts through witness testimony, digital evidence, and documentary evidence. Also, the Government would have introduced in evidence certified business records from the respective financial institutions, including financial records relating to the victims' accounts, in addition to video surveillance of the above transactions and incidents. The Government would have also offered the results of a search warrant executed on the Defendant's phones and Henry's phone. The Government would introduce in evidence records showing that at all relevant times, Bank A was insured by the Federal Deposit Insurance Corporation ("FDIC"), and Credit Unions B, C, and D were all insured by the National Credit Union Share Insurance Fund. The evidence would have been sufficient to prove beyond a reasonable doubt the charges contained in the Indictment.

Date: September 4, 2026

Respectfully submitted,

ANDREW B. BENSON
United States Attorney

BY: ***/s/ Alisa Ross***
Alisa Ross
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, ME 04401
(207) 945-0373
Alisa.Ross@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2026, I filed the Government's Prosecution Version of the Offense with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Stephen C. Smith, Esq.
Counsel for the Defendant

ANDREW B. BENSON
United States Attorney

BY: ***/s/ Alisa Ross***

Alisa Ross
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, ME 04401
(207) 945-0373
Alisa.Ross@usdoj.gov