**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

2026 SEP -8 P 12: 23

UNITED STATES OF AMERICA

v.

RACHAEL KENNEDY

No. 1:26-cr-00023-SDN-1

# PRELIMINARY ORDER OF FORFEITURE

Fed.R.Crim.P. 32.2(b)

**IT IS HEREBY ORDERED THAT:**

1. As the result of the defendant's guilty plea to Counts One through Nine of the Indictment charging violations of 18 U.S.C. §§ 1344 and 1349, and for which the United States sought forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A) and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and to Counts Ten through Seventeen of the Indictment charging violations of 18 U.S.C. § 1543, and for which the United States sought forfeiture pursuant to 18 U.S.C. § 982(a)(6), the defendant shall forfeit to the United States: pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting or derived from proceeds traceable to the offense; pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as the result of the offense; and pursuant to 18 U.S.C. § 982(a)(6), any property, real or personal, constituting or derived from or traceable to the proceeds obtained directly or indirectly from the commission of the offense. The property to be forfeited includes, but is not limited to:

- $5,516.26 in U.S. Currency

("the Property").

2. The Court has determined, based on the defendant's plea and evidence

already in the record, that the defendant has an interest in the Property, that the government has established the requisite nexus between such Property and the offense, and that the Property is subject to forfeiture.

3. Upon the entry of this Order, the United States is authorized to seize the Property, whether held by the defendant or by a third party, and to conduct discovery proper in identifying, locating, or disposing of the Property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

4. Upon the entry of this Order, the United States is authorized to commence any applicable proceeding to comply with the statutes governing third-party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and its intent to dispose of the Property in such manner as the United States may direct. The United States may, to the extent practicable, provide written notice to any person known to have an alleged interest in the Property.

6. Any person, other than the defendant, asserting a legal interest in the Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the Property.

7. Any petition filed by a third party asserting an interest in the Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, and any additional facts supporting the petitioner's claim and the relief

sought.

8. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), for the filing of third-party petitions.

10. Pursuant to Fed.R.Crim.P. 32.2(b)(4), the Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment.

11. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED,

DATED: September 8, 2026.

John A. Woodcock, Jr.
United States District Judge